UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CV-0278 PS |
| | ) | |
| WILLIAM WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Richard Brooks, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that WCF officials used excessive and unnecessary force against him. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The standard to be applied for motions to dismiss under Rule 12(b)(6) has been tweaked by the Supreme Court in two recent cases. First, in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) the Supreme Court stated:

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. (quotation marks, ellipsis, citations and footnote omitted). In requiring some fact pleading,

the Court in *Bell Atlantic* specifically jettisoned repeatedly quoted language from *Conley v. Gibson* that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim for relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A few weeks later the Court decided *Erickson v. Pardus,* 127 S.Ct. 2197 (2007).  In *Erickson*, the plaintiff was a *pro se* prisoner alleging an Eighth Amendment violation based on a prison officials deliberate indifference to his medical needs. The district court dismissed the complaint and the court of appeals affirmed on the basis that Plaintiff's allegations were too conclusory.  The Supreme Court reversed and reiterated that *pro se* pleadings are to be liberally construed and that a plaintiff need not allege "specific facts" to avoid a motion to dismiss. *Id*. at 2200. With these standards in mind, I now turn to the matter at hand.

According to the complaint, on December 13, 2006, "Officers Rundy, Carter, Lt. Dorster, Stintson, and J. Thompson" used "excessive physical force constituting the unnecessary and wanton infliction of pain" even though Mr. Brooks did not resist and had done nothing that would require the use of force. (Complaint at p. 10).[1] In his grievance, which he attaches to his complaint, Mr. Brooks asserted that while escorting him out of the dining hall on the orders of Lieutenant Dorster, Officers Rundy and Carter twisted his arm violently and handcuffed him. Then they shoved him violently, causing him to fall to the ground, picked him up, and slammed him up against the wall. He also states in his grievance that Officer Stintson assisted defendants Rundy and Carter. (Complaint at p. 15).  He further claims that defendants Rundy and Carter defamed him, called him names, and "expressed derogatory references to me." (Complaint at p. 15).

---

[1] The plaintiff numbered the first page of his complaint as page 6, and numbered his complaint and attachments as pages 6 through 24.

Mr. Brooks alleges that the defendants violated rights protected by the United States Constitution's Fourth, Fifth, Eighth, and Fourteenth Amendments. He also asserts that their conduct violated Article (1) §§ 11, 13, and 15 of Indiana's Constitution.

Mr. Brooks brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Accordingly, Mr. Brooks's claim that the defendants violated provisions of the Indiana constitution states no claim upon which relief can be granted under § 1983. In addition, the Indiana Supreme Court has held that there is no private right of action under the Indiana Constitution.  *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006).  Thus, there is no supplemental state law claim based on the Indiana Constitution available to the Plaintiff in this case.

Mr. Brooks alleges that the defendants' actions violated the Fifth Amendment's due process clause. The Fifth Amendment's due process clause, however, applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000). Thus, any claim under the Fifth Amendment must be dismissed.

Mr. Brooks also alleges that the defendants' actions violated rights protected by the Fourth, Eighth, and Fourteenth Amendments. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed

3

by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395, (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Because Mr. Brooks was confined at the WCF as a convicted felon, his excessive use of force claim arises under the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Giving Mr. Brooks the benefit of the inferences to which he is entitled at the pleadings stage, and given that his pleadings must be liberally construed, I conclude that Brooks has sufficiently pleaded a cause of action for excessive use of force against defendants Rundy, Carter, and Stintson under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992).

Mr. Brooks also alleges that defendants Rundy and Carter defamed him and used derogatory and insulting language against him. But there is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and verbal abuse and harassment are not sufficient to state a claim under § 1983. *Ivey v. Wilson*,

4

832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewksi v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Defamation states no claim upon which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

In his grievance, Mr. Brooks made specific allegations against Officers Rundy, Carter, and Stintson. In addition to those officers, he names WCF Superintendent William Wilson, Lieutenant Dorster, and Officers J. Thompson and T. Thompson as defendants. Mr. Brooks seeks only damages. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Brooks does not mention Superintendent Wilson in the body of his complaint or in his grievance, and his submissions do not suggest that the Superintendent had any knowledge of or involvement in the events that led to his injury. Mr. Brooks mentions Lieutenant Dorster in his grievance as "Lieutenant Deutescher;" however, he only states that Officers Rundy and Carter were escorting him from the dining hall on "Lieutenant Deutescher's" orders.  According to the

5

complaint, neither Mr. Wilson nor Lt. Dorster were personally involved in the use of force against Mr. Brooks or were present when it occurred. Mr. Wilson and Lt. Dorster are supervisors of the officers Mr. Brooks alleges used excessive force, but he may not rely on the doctrine of *respondeat superior* to name them as defendants. *Moore v. State of Indiana*, 999 F.2d at 1129. Accordingly, Mr. Brooks' claims against these two individuals under § 1983 must be dismissed.

Mr. Brooks also names Officers T. Thompson and J. Thompson as defendants. But he does not state in his grievance that they did anything to him, or were even present, when Officers Rundy, Carter, and Stintson allegedly used excessive force on him. Because he does not allege that either of these defendants had any personal involvement in the incident of which he complains, he has not shown their participation or direct responsibility for the conditions of which he complains. *Starzenski v. City of Elkhart*, 87 F.3d at 879.  Accordingly, Mr. Brooks' claims against these two individuals under § 1983 must be dismissed.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Rundy, Carter, and Stintson for damages in their personal capacities on his Eighth Amendment claim that they used excessive force against him;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES all other claims and DISMISSES defendants William Wilson, Lieutenant Dorster, T. Thompson and J. Thompson;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Rundy, Carter, and Stintson  respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Rundy, Carter, and Stintson on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED**.

**ENTERED**: August 14, 2007

<u>s/ Philip P. Simon</u>
Philip P. Simon, Judge
United States District Court