UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-0278 PS |
| ) | |
| WILLIAM WILSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on plaintiff Richard Brooks's motion to take depositions upon written questions pursuant to Fed. R. Civ. P. 31(a). Mr. Brooks requests leave of the court to take depositions by written questions of eleven persons employed at the Westville Correctional Facility.

Fed. R. Civ. P. 31 authorizes depositions by written questions. After the parties submit questions and cross questions, the witness is deposed before an officer who takes the witness's testimony "in the manner provided by Rule 30(c), (e) and (f)." Rule 30(c) requires that the testimony be taken "stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule." Rule 30(b)(2) provides that deposition testimony may be "recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording." Written responses to depositions upon written questions are not permissible. *See Kendrick v. Bowen*, 1989 WL 39012 (D.D.C. 1989) ("non-stenographic 'means' which may be permitted do not include written answers to written deposition questions.").

Fed. R. Civ. P. 30(b)(2) provides that "(u)nless the court orders otherwise, [deposition testimony] may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means." Thus, a deposition by written question may be recorded by sound, and any of parties may elect to have it transcribed. Certain uses of a deposition may require transcription but others do not.[1]

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's motion to take depositions upon written questions pursuant to Fed. R. Civ. P. 31(a) [docket # 26) contingent upon the plaintiff paying the costs of such discovery. If the plaintiff is willing and able to defray the costs of conducting such discovery, he should notify the court when he files his his depositions upon written questions.

(2) If the plaintiff proceeds with his discovery, the deposition responses are to be tape recorded with the plaintiff to bear the costs of the initial recording of the testimony and each party to bear the costs of transcribing the deposition responses if they elect to have them transcribed. Counsel for the defendants may attend the taping just as at any other deposition. At least two tape recorders shall be used simultaneously at the deposition so that there are two tapes of the testimony. One tape shall be

---

[1] For example, if Mr. Brooks just wants to see what the deponent's responses to specific questions will be, it would be unnecessary to record the testimony. But if either party intends to use deposition responses in support of or opposing summary judgment, or for impeachment purposes at trial, that party should ensure that the deposition responses are transcribed.

provided to the plaintiff; the other tape shall be placed in a sealed envelope at the close of the deposition, initialed by the officer taking the deposition and the deponent, and deposited with the court. The defendants may elect to make a third copy at their expense;

(3) If the plaintiff files depositions upon written questions, the court DIRECTS the clerk to send a copy of this order to the Superintendent of the Westville Correctional Facility, along copies of the deposition questions, and DIRECTS the superintendent, puruant to Fed. R. Civ. P. 28, to appoint a special examiner before whom depositions may be taken. The special examiner should be a notary public for Laporte County. The duties of the officer before whom depositions upon written questions are taken are found in Fed. R. Civ. P. 30 and Fed. R. Civ. P. 31;

(4) The costs of any depositions taken under the terms of this order shall include the cost of the tapes used in both tape recorders and the hourly pay of the special examiner (not including the portion of the employee's benefits package paid for by the employer) times the number of hours required to complete the depositions. The special examiner should make an estimate of the cost of the depositions and advise the plaintiff and the court in writing of the estimated cost of the depositions before proceeding with them;

(5) If the plaintiff does not wish to proceed after learning the cost involved, he should notify the court and the special examiner in writing within seven days of receiving the cost estimate. If he wishes to proceed, he should authorize the amount of the deposition to be withdrawn from his

prisoner trust account, understanding that the cost may ultimately be more or less than the estimate;

(6) Unless the plaintiff advises that he does not wish to continue with the deposition, the special examiner may conduct the depositions by written questions on a date and time and at a place at the Westville Correctionl Facility that is convenient to him;

(7) At the conclusion of the depositions, the special examiner should compute the actual cost of the depositions. If the cost proves to be less than the estimate, the facility should refund the difference to the plaintiff's inmate trust account. If the cost exceeds the estimate, then the plaintiff must pay the difference before taking delivery of the tape recording of the depositions.

SO ORDERED.

Dated this 13th Day of February, 2008.

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge