UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CV-0278 PS |
| | ) | |
| WILLIAM WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Richard Brooks is a prisoner confined at the Westville Correctional Facility ("WCF") who has a phobia about being around dogs. Brooks filed the original complaint in this case pursuant to 42 U.S.C. § 1983, alleging that WCF officials used excessive and unnecessary force against him. The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), granted Brooks leave to proceed against defendants Rundy, Carter, and Stinson for damages in their personal capacities on his Eighth Amendment claim that they used excessive force against him and, pursuant to 28 U.S.C. § 1915A(b)(1) dismissed all other claims and defendants.

Brooks has now filed a proposed amended complaint in which he seeks to add Lieutenant Deutescher as a defendant on a claim that he exposed Brooks to dogs. Federal Rule of Civil Procedure 15(a) provides that "(l)eave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) *quoting* Fed. R. Civ. P. 15(a). But "leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Liu v. T&H*, 191 F.3d at 794 (quotation marks and citations omitted). Moreover, 28 U.S.C. § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp.2d 633, 635 (N.D.Ind. 1998)

Brooks alleges that Lieutenant Deutescher violated his rights "by placing the plaintiff in a hazardous and harmful environment." (DE 28 at p.1). According to the grievance attached to the amended complaint, on December 13, 2006, he "spoke with Lt. Deutescher concerning (his) placement on P-1 Dorm and being in the presence of the prison . . . dogs." (DE 28-1 p.1). According to Brooks, Lt. Deutescher "laughed in (his) face and made rude jokes about (his) phobia of being around dogs. Afterwards, he informed (Brooks) that he could do nothing." (*Id.*). Lt. Deutescher told Brooks to return to his housing unit, "to 'be a man' and to 'deal with it.'" (*Id*). Brooks does not allege that he was bitten while he was on P Dorm, but he states that he had been attacked by dogs in the past and is in fear of his life when in the presence of dogs.

The issue presently before the court from the original complaint is that Correctional Officers Carter, and Stinson used excessive force on him. The claim that Lt. Deutescher exposed him to dogs bears no relation to the allegations Brooks made in the original complaint. A prisoner may not bring unrelated claims against different defendants in the same complaint.

> A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".
>
> * * *
>
> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that

2

> prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

By seeking to amend his complaint to add a claim against Lt. Deutescher, Brooks seeks to improperly bring unrelated claims in a single case. Pursuant to *George*, if Brooks wishes to sue Lt. Deutescher for not intervening to remove him from the presence of dogs who did not injure him he must bring the claim in a separate freestanding complaint.

For the foregoing reasons, the court **DENIES** the plaintiff leave to file his proposed amended complaint, and **DIRECTS** the clerk to **STRIKE** the proposed amended complaint (DE 28).

**SO ORDERED**.

ENTERED: April 14, 2008

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court